## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| K.B., a minor,<br>By his parent and next friend,<br>SHERINA DAVIS<br>9 Temple Ct., NW<br>Washington, D.C. 20001<br><br>and<br><br>K.B.<br>9 Temple Ct., NW<br>Washington, D.C. 20001<br><br>          Plaintiffs,<br><br>          v.<br><br>DISTRICT OF COLUMBIA,<br>A Municipal Corporation,<br>One Judiciary Square<br>441 4ᵗʰ St., N.W.<br>Washington, D.C.  20001,<br><br>and<br><br>CLIFFORD JANEY,<br>Superintendent,<br>District of Columbia Public Schools<br>825 North Capitol St., N.E.<br>Washington, D.C.  20002<br>(In his official capacity)<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:07-cv-00877
Assigned To : Roberts, Richard W.
Assign. Date : 05/10/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Introduction

1.    This is an action by Plaintiffs K.B. and Sherina Davis for placement and funding of

K.B. at The Children's Guild, a full-time special education private school, because

**RECEIVED**

MAY − 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

the District of Columbia Public Schools ("DCPS") is failing to provide K.B. with a free and appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"). 20 U.S.C. § 1400 *et seq.* DCPS is denying K.B. a FAPE in part because DCPS is wholly failing to implement K.B.'s Individualized Educational Program ("IEP) and to provide K.B. with an appropriate school placement that can meet K.B.'s special needs and provide him with the supervision, support and structure necessary to maintain his safety. DCPS is also failing to follow the procedural requirements of the IDEIA, and therefore failing to provide Ms. Davis and K.B. with the due process protections to which they are entitled, resulting in further injury to K.B.

## Jurisdiction

2.   This Court has jurisdiction over this matter pursuant to the Court's jurisdiction over cases arising under federal law and specifically under 20 U.S.C. § 1415 (i)(2)(A) (2007); 42 U.S.C. § 1983; 42 U.S.C. §1988; 28 U.S.C. § 1331, 2201, 2202; D.C. Mun. Regs. Tit. 5 §3031.5 (2007).

3.   Before parents may challenge a school district's action under the IDEIA, they generally must first exhaust the administrative remedies available under the statute. 20 U.S.C. § 1415(l).

4.   However, parents may bypass the administrative process where exhaustion would be futile or inadequate. *Honig v. Doe*, 484 U.S. 305, 326-27 (1988). *See also Massey v. District of Columbia*, 400 F. Supp. 2d. 66, 69-70 (D.D.C. 2005); *Bridgeforth v. District of Columbia*, 933 F. Supp. 7, 9 (D.D.C. 1996). In such

2

circumstances, the rationale of the exhaustion requirement- to prevent "premature interruption of the administrative process"- is not served by the requirement of exhaustion. *Massey*, 400 F. Supp. 2d. at 70, quoting *Randolph-Sheppard Vendors of Am. V. Weinberger*, 795 F.2d 90, 104 (D.C. Cir. 1986).

5.  Exhaustion of administrative remedies in this case is not required. Continued pursuit of the administrative process would be futile and inadequate for Ms. Davis because DCPS is failing to meet both its procedural and substantive obligations under the IDEIA, and K.B. is consequently enduring irreparable harm with each passing day.

<u>DCPS' Failure to Provide K.B. with an Appropriate Placement</u>

6.  First, DCPS is failing to provide K.B. with an appropriate school placement.

7.  On March 5, 2007, an Individualized Education Program ("IEP") was developed for K.B. requiring a therapeutic full-time special education program that can meet all of K.B.'s special needs.

8.  Despite Plaintiff's requests prior to and at the March 5, 2007 Multi-Disciplinary Team ("MDT")/IEP meeting to discuss and determine an appropriate placement for K.B., despite DCPS' provision of written notice to Ms. Davis of its intention to discuss placement at the March 5, 2007 MDT/IEP meeting, and despite K.B.'s urgent need for a full-time therapeutic special education school placement, DCPS failed to discuss and determine a school placement for K.B. at the March 5, 2007 MDT/IEP meeting.

9.    Subsequent to the March 5, 2007 MDT/IEP meeting, undersigned counsel made several requests for an MDT/IEP placement meeting so that K.B. can be provided an appropriate school placement and begin receiving a FAPE.

10.   To date, a full 135 days after the MDT/IEP team determined that K.B. requires a therapeutic full-time special education program, DCPS has failed to convene an MDT/IEP placement meeting for K.B. and has failed to provide K.B. with an appropriate placement.

11.   Due to DCPS' failure to provide K.B. with an appropriate placement, K.B.'s IEP goes entirely unimplemented and he is not receiving any of the special education or related services to which he is entitled.

<u>DCPS' Failure to Hold a Resolution Session</u>

12.   Second, following the filing of a due process complaint for K.B. on April 3, 2007, DCPS failed to hold a resolution session as required by the IDEIA. 20 U.S.C. § 1415(f)(1)(B); <u>Attachment A.</u>

13.   The IDEIA requires the local educational agency, within fifteen days of receiving notice of the parent's due process complaint, to convene a resolution session with the parents and relevant members of the IEP team who have specific knowledge of the facts identified in the complaint.  20 U.S.C. § 1415(f)(1)(B); <u>Attachment B.</u>

14.   The IDEIA also requires that the resolution session participants include a representative of the agency who has decision-making authority.  20 U.S.C. § 1415(f)(1)(B).

4

15. The IDEIA sets forth that at the resolution session, the parents are provided with an opportunity to discuss the complaint and the relating facts, and the local educational agency is provided with an opportunity to resolve the complaint. *Id.*

16. DCPS failed to contact Ms. Davis to schedule a resolution session in this matter.

17. DCPS failed to contact undersigned counsel to schedule a resolution session in this matter.

18. DCPS failed to convene any resolution session whatsoever for K.B.

19. Due to this failure, Ms. Davis was not afforded the opportunity of early resolution to her complaints, as required by the IDEIA.

### DCPS' Failure to Respond to the Due Process Complaint

20. Third, DCPS failed to respond to the due process complaint as required by the IDEIA. 20 U.S.C. § 1415 (c)(2)(B).

21. The IDEIA specifically requires the local educational agency to send the parent a response within ten days of receiving a due process complaint. *Id.;* Attachment B.

22. This response must include an explanation of why the agency proposed or refused to take the action raised in the complaint; a description of other options considered and why those options were rejected; a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and a description of facts relevant to the agency's proposal or refusal. *Id.*

23. Here, more than one month after the filing of Plaintiff's due process complaint, DCPS has failed to provide any response whatsoever.

24.  As a result, Ms. Davis has not been provided with any notice of DCPS' position or the reasons behind its actions as they relate to K.B., further preventing her from any opportunity at early resolution.

25.  Without any notice of DCPS' position or the reasons behind its actions, Ms. Davis' due process rights are not protected and Ms. Davis would not be able to adequately prepare her case if she had to proceed with the administrative process.

### DCPS' Failure to Provide K.B. with an Expedited Due Process Hearing and Failure to Schedule any Due Process Hearing

26.  Fourth, DCPS State Education Agency Student Hearing Office ("Student Hearing Office") refused to provide an Expedited Due Process Hearing for K.B., despite the urgency of K.B.'s situation.

27.  The DCPS Student Hearing Office Standard Operating Procedures provide for an expedited hearing to occur within twenty school days of the date the hearing is requested, with a determination by a hearing officer within ten school days after the hearing. Attachment C.

28.  Expedited hearings have been utilized for various special education issues requiring an expedited timeframe, such as to resolve placement disputes, the allegation of an inappropriate IEP, and disputes over extended school year services. *See, e.g., R.G. v. District of Columbia,* 2004 U.S. Dist. LEXIS 29042 (D.D.C. 2004); *William D. v. Manheim Twp. Sch. Dist.,* 2005 U.S. Dist. LEXIS 21437 (D. Pa. 2005); *Lauren W. v. Bd. of Educ.,* 2002 U.S. Dist. LEXIS 18303 (D. Pa. 2002).

29.  Ms. Davis filed a Motion for Expedited Hearing on April 4, 2007.  Attachment C.

30.  DCPS failed to respond in any way to Plaintiff's Motion for an Expedited Hearing.

31.  A hearing officer from the Student Hearing Office denied Plaintiff's Motion for
     Expedited Hearing on April 12, 2007 without just cause. Attachment D.

32.  To date, more than thirty-one days after the filing of the due process complaint and
     more than sixty-one days after K.B.'s March 5, 20007 MDT/IEP meeting, the
     Student Hearing Office has not scheduled the due process hearing for K.B.

   <u>DCPS' Administrative Process Will Not Prevent the Immediate Irreparable Harm K.B. is
   Suffering</u>

33.  K.B. is being denied a FAPE as required by the IDEIA, in part because DCPS is
     wholly failing to implement his IEP and is failing to provide him with an
     appropriate school placement.

34.   In addition, K.B. cannot presently attend school because his current school
     placement is inappropriate, and the staff at his current school cannot maintain and
     ensure his safety.

35.  DCPS' ongoing failures to provide K.B. with a FAPE constitute irreparable harm
     that continues to compound with each passing day. *See Blackman v. District of
     Columbia*, 277 F. Supp. 2d. 71, 79 (D.D.C. 2003).

36.  This Court has ruled that "a well recognized exception to the exhaustion
     requirement, in an instance where irreparable harm may accrue, satisfies the failure
     to pursue administrative remedies." *Cox v. Brown*, 498 F. Supp. 823, 829 (D.D.C.
     1980).

37.  The administrative remedy in this matter is the issuance of a hearing officer's
     determination following a due process hearing.

38. The issuance of a hearing officer's determination is not required until seventy-five days after the due process complaint is received. 20 U.S.C. §1415(f)(B)(ii); D.C. Mun. Regs. tit. 5 § 3030.1(d).

39. Thus, without the granting of a preliminary injunction, K.B. may face the denial of FAPE for at least forty-four additional days and possibly for an even longer unknown period of time.[1]

40. Reliance on this administrative remedy cannot immediately or possibly ever rectify the daily irreparable harm K.B. is suffering.

41. DCPS' administrative process is inadequate to prevent the immediate injury to K.B., and Plaintiff is therefore not required to exhaust the administrative process.

DCPS' Administrative Process is Futile and Inadequate

42. This Court has recognized that DCPS' administrative process is inadequate and that exhaustion of the administrative process by a parent is not required where DCPS failed to provide a student with an appropriate placement, to convene a resolution session following the filing of a due process complaint, and to respond to a due process complaint as required by the IDEIA. *See Massey,* 400 F. Supp. 2d. at 69-73. In the instant case, DCPS failed in all three of these responsibilities.

43. The litany of DCPS' failures and inaction in this case reveals that DCPS is unable to follow statutory procedures, and that DCPS is neglecting to address Ms. Davis' complaints about those failures in the manner required by the IDEIA.

---

[1] K.B. may face even more than forty-four additional days of a denial of FAPE because no due process hearing has been scheduled as of yet for K.B. by DCPS. Due to DCPS' repeated failures to abide by its responsibilities under the IDEIA both prior to and following the filing of the due process complaint, Plaintiffs have no assurance that a due process hearing, with all of the protections provided for under relevant law, will timely be provided or provided at all by DCPS.

44. Due to DCPS' repeated failures to follow the terms of the law, DCPS' process for administrative relief is both futile and inadequate.

45. Also, given the irreparable harm K.B. is suffering, DCPS' administrative process is inadequate.

46. Since there are no assurances that DPCS will follow its obligations under the IDEIA as it proceeds through the administrative process, there is no guarantee that Plaintiffs will be afforded a meaningful remedy through that process. *See, e.g., Massey*, 400 F. Supp. 2d. at 73.

47. In sum, this Court has jurisdiction over the instant matter because exhaustion of administrative remedies is not required, given that pursuit of DCPS' administrative process is both futile and inadequate.

## Parties

48. K.B., the son of Plaintiff Sherina Davis, is a six year old resident of the District of Columbia.

49. K.B. is a "child with a disability" as defined by the District of Columbia Municipal Regulations ("DCMR") and the IDEIA, and is eligible to receive special education and related services pursuant to the DCMR and IDEIA.

50. Plaintiff Sherina Davis is the mother and custodian of K.B. She has resided in the District of Columbia at all times relevant to the claims asserted herein. Ms. Davis brings this action on behalf of her son and in her own right.

51.  Defendant District of Columbia is a municipal corporation which receives federal
     funding for use in ensuring that children with disabilities in the District of Columbia
     are afforded the services to which they are entitled under the IDEIA.

52.  Defendant Clifford Janey is the Superintendent of DCPS, the public official charged
     with the responsibility of ensuring that DCPS complies with federal and local law
     as to the education of children with disabilities. Mr. Janey is sued in his official
     capacity.

## Factual Allegations

53.  K.B. is a six year old student in the first grade with a severe emotional disturbance.

54.  K.B. is a student at Walker Jones Educational Center ("Walker Jones EC"), a
     District of Columbia Public School.

55.  K.B. began attending Walker Jones EC as a Head Start student in the 2004-2005
     school year.

56.  K.B. struggled with his academic achievement as a Head Start student.

57.  As required by the IDEIA, DCPS did not provide K.B. with evaluations for special
     education during K.B.'s 2004-2005 school year. 20 U.S.C. § 1412(a)(3)(A).

58.  DCPS did not provide Ms. Davis with notice of her procedural safeguards under the
     IDEIA during K.B.'s 2004-2005 school year. 20 U.S.C. § 1415(d).

59.  DCPS did not provide Ms. Davis with any written documentation of its refusal to
     initiate the special education evaluation or referral process for K.B. during his
     2004-2005 school year.  20 U.S.C. § 1415(b)(3); § 1415(c) .

60. K.B. attended Walker Jones EC as a kindergarten student during the 2005-2006 school year.

61. As a kindergarten student, K.B. required constant supervision with his classwork.

62. As a kindergarten student, K.B. would not listen to directions, was aggressive with others, got into fights with other children, and would not calm down when teachers attempted to re-direct him.

63. Because K.B.'s kindergarten teacher was often unable to calm K.B. down in the classroom and keep him on task, K.B.'s teacher would regularly send him to other classrooms and to the office.

64. DCPS did not provide K.B. with evaluations for special education during the 2005-2006 school year. 20 U.S.C. § 1412(a)(3)(A).

65. DCPS did not provide Ms. Davis with notice of her procedural safeguards under the IDEIA during the 2005-2006 school year. 20 U.S.C. § 1415(d).

66. DCPS did not provide Ms. Davis with any written documentation of DCPS' refusal to initiate the special education evaluation or referral process for K.B. during the 2005-2006 school year. 20 U.S.C. § 1415(b)(3); § 1415(c) .

67. During the present school year (2006-2007), as a first grader, K.B. exhibits self-injurious behavior, including, but not limited to hitting his head on his chair at school.

68. Walker Jones EC staff observed K.B. stating that he hates himself and that he was going to kill himself.

69. K.B. throws furniture and other objects in his classroom.

70. K.B. is verbally and physically aggressive at school.

11

71.  K.B. has great difficulty calming down after an altercation at school.

72.  K.B. is often removed from class by security and sent to the office.

73.  K.B. is often unable to remain in the classroom and therefore leaves at will without permission.

74.  On or about November 1, 2006, K.B. was found by a neighbor in the middle of the school day off of school property at a neighborhood playground, where he was playing unattended with another young child. Walker Jones EC staff permitted K.B., at only age six, to wander off of school grounds and the staff had no knowledge of his whereabouts.

75.  K.B. has returned home from school numerous times with a variety of injuries, including but not limited to a gash on his head and a wound from being stabbed with a pencil, without explanation from school officials.

76.  Walker Jones EC is unable to provide K.B. with adequate supervision and the appropriate structure and therapeutic supports to maintain K.B.'s safety and enable K.B. to make educational progress.

77.  K.B. does not have friends at school, as he struggles greatly with interpersonal relationships.

78.  K.B.'s behavior at school results in him being avoided or rejected by his peers.

79.  K.B. cannot complete written work and often refuses to complete simple copying exercises that require him to write due to his great difficulty with writing.

80.  When K.B. writes, he reverses both letters and numbers.

81.  K.B. cannot read.

82.  K.B. is not achieving on grade level in any of his academic subjects.

83. Ms. Davis referred K.B. for special education and related services and requested special education evaluations for K.B. in October 2006.

84. DCPS conducted a psycho-educational evaluation for K.B. on November 20, 2006, but failed to assess K.B. in all areas of suspected disability. Specifically, the evaluation by DCPS did not include a complete battery of achievement testing, assessments to determine whether K.B. suffered from Attention Deficit Hyperactivity Disorder (ADHD), an occupational therapy evaluation, a hearing screening, or a speech/language evaluation, despite concerns in these areas.

85. An MDT/IEP meeting for K.B. convened on December 20, 2006, and the team determined that K.B. qualifies for special education services as a student with an Emotional Disturbance.

86. At this meeting the MDT/IEP team did not develop an IEP for K.B. due to DCPS' failure to fully evaluate K.B.

87. The MDT/IEP team agreed that Walker Jones EC could not meet K.B.'s needs, and that a new school placement was needed for K.B.

88. The MDT/IEP team determined that K.B. requires a full-time therapeutic special education school placement.

89. On February 5, 2007 and March 2, 2007, DCPS conducted additional evaluations for K.B. including achievement testing and assessments to determine whether K.B. suffers from Attention Deficit Hyperactivity Disorder.

90. DCPS did not conduct an occupational therapy evaluation, hearing screening, or speech/language evaluation for K.B.

91. On February 14, 2007, undersigned counsel requested an MDT/IEP meeting for K.B. to develop an IEP for K.B. and determine an appropriate placement for K.B.

92. An MDT/IEP meeting convened for K.B. on March 5, 2007.

93. The March 5, 2007 MDT/IEP team could not determine whether K.B. suffers from a learning disability in addition to his emotional disturbance due to DCPS' failure again to provide K.B. with all of the appropriate evaluations.

94. The March 5, 2007 MDT/IEP team agreed that K.B.'s IEP could be revised if necessary upon completion of the outstanding evaluations and agreed to move forward with development of the IEP because K.B. urgently required special education services and a new placement.

95. To date, DCPS has failed to provide K.B. with the outstanding evaluations, which include a hearing screening, speech/language evaluation, and occupational therapy evaluation.

96. Because DCPS failed to timely provide K.B. with the required evaluations, Ms. Davis secured a hearing screening on April 4, 2007 and speech/language evaluation on April 24, 2007 from Children's National Medical Center.

97. DCPS never provided K.B. with an occupational therapy evaluation.[2]

98. At the March 5, 2007 MDT/IEP meeting, the team developed an IEP for K.B.

99. The IEP required, in part, that K.B. be provided with full-time specialized instruction in a therapeutic, structured learning environment with a low teacher-student ratio.

---

[2] Despite DCPS' obligation to provide K.B. with the occupational therapy evaluation he requires, because DCPS never conducted this evaluation, Ms. Davis attempted to secure an occupational therapy evaluation for K.B. through K.B.'s healthcare provider. However, Ms. Davis has been unable to secure an occupational therapy evaluation for K.B. to date.

100. The IEP also required, in part, thirty and a half hours per week of specialized instruction and two hours per week of therapeutic counseling services at school for K.B.

101. The March 5, 2007 MDT/IEP team agreed that K.B. urgently and immediately required a new school placement in a therapeutic full-time special education school.

102. It is undisputed by the MDT/IEP team that Walker Jones EC is not an appropriate placement for K.B. in part because Walker Jones E.C. is not a therapeutic, full-time special education school.

103. DCPS refused to discuss and determine a new school placement for K.B. at the March 5, 2007 MDT/IEP meeting.[3]

104. During the March 5, 2007 MDT/IEP meeting, undersigned counsel again requested that an MDT/IEP placement meeting be scheduled as soon as possible to discuss and determine a school placement for K.B.

105. DCPS refused to even discuss the scheduling of an MDT/IEP placement meeting for K.B., stating that representatives from DCPS headquarters would need to review K.B.'s documentation and determine a school placement for him before a meeting could be scheduled.

106. Despite repeated requests made by undersigned counsel on February 14, 2007, March 5, 2007, and March 20, 2007 to schedule an MDT/IEP placement for K.B., and despite Keith's urgent need for a new placement, DCPS has failed to schedule or convene an MDT/IEP placement meeting for K.B.

---

[3] DCPS refused to discuss placement at the March 5, 2007 MDT/IEP meeting, even though DCPS' Letter of Invitation to Ms. Davis for a March 5, 2007 MDT/IEP meeting provided notice to Ms. Davis and undersigned counsel that the discussion of placement was one of the purposes of the MDT/IEP meeting.

107. Following the March 20, 2007 request by undersigned counsel to schedule an MDT/IEP meeting, DCPS again stated that a meeting could not be convened because officials from DCPS headquarters were still determining a placement for K.B.

108. DCPS is unilaterally determining a placement for K.B. without Ms. Davis' participation in the placement decision, in violation of the IDEIA. 20 U.S.C. § 1414(e).

109. Despite the agreement by DCPS and the entire MDT/IEP team at both the December 20, 2006 and the March 5, 2007 MDT/IEP meetings that K.B immediately requires a new school placement, to date, no appropriate school placement has been provided by DCPS for K.B.

110. K.B. remains at Walker Jones EC, an inappropriate school where he is unsafe.

111. To date, DCPS has failed completely to implement K.B.'s March 5, 2007 IEP, as Walker Jones EC is unable to implement the IEP.

112. Because DCPS is failing to provide K.B. with an appropriate school placement that can maintain his safety, Ms. Davis has had no choice but to keep K.B. at home to ensure he is safe and out of harm's way pending placement in an appropriate school.

113. Ms. Davis requested that work be sent home or home instruction be provided for K.B. in the interim until DCPS provides K.B. with an appropriate school placement where he is not in danger.

114. In response, DCPS provided K.B. with one work packet.

115. DCPS is completely failing to provide K.B. with any special education whatsoever and is denying K.B. the FAPE to which he is entitled.

116. On April 3, 2007, Ms. Davis filed a due process complaint with the Student Hearing Office, requesting placement for K.B. at The Children's Guild or another appropriate full-time therapeutic nonpublic special education placement that can meet K.B.'s needs, requesting that DCPS fund all outstanding evaluations for K.B. by a provider of Ms. Davis' choice, and requesting compensatory education services for the time period in which K.B. was denied a free and appropriate public education. Attachment A.

117. On April 4, 2007, Ms. Davis filed a Motion for Expedited Hearing with the Student Hearing Office due to K.B.'s pressing need for an appropriate school placement. Attachment C.

118. DCPS failed to respond to Plaintiff's Motion for Expedited Hearing.

119. Despite the urgency of K.B.'s need for an appropriate school placement, a hearing officer from the Student Hearing Office denied Ms. Davis' Motion for Expedited Hearing. Attachment D.

120. DCPS did not provide Ms. Davis or undersigned counsel with a written response to her due process hearing request as required by the IDIEA. 20 U.S.C. § 1415(c)(2)(B); Attachment B.

121. DCPS did not contact undersigned counsel or Ms. Davis in an attempt to schedule a resolution session.

122. DCPS did not convene a resolution session as required by the IDIEA. 20 U.S.C.A. §1415(f)(1)(B); Attachment B.

123. No due process hearing has been scheduled by the Student Hearing Office for K.B.

124. DCPS has failed for sixty-one days to implement K.B.'s IEP and to provide him with an appropriate placement, has failed for more than two years to provide K.B. with a FAPE, and has failed to comply with the due process procedural requirements of IDEIA.

## Claims for Relief

125. Plaintiffs incorporate by reference the factual allegations stated above in paragraphs 1 through 70.

126. DCPS has denied K.B. a free and appropriate public education in violation of the IDEIA and District of Columbia law, in part, by wholly failing to implement K.B.'s IEP and by failing to provide K.B. with an appropriate school placement that can meet all of his special education needs and provide K.B. with the supervision, support and structure necessary to maintain his safety and enable him to benefit from his education.

127. This Court has the authority under the IDEIA to order DCPS to provide K.B. with an appropriate placement where he can begin receiving a free and appropriate public education.

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Grant judgment for Plaintiffs and against Defendants.

2. Grant declaratory relief that Defendants violated Plaintiffs' rights under applicable law.

3.  Grant injunctive relief ordering Defendants to immediately place and fund K.B. at

    The Children's Guild with all necessary special education and related services.

4.  Award Plaintiffs costs in this matter.

5.  Grant Plaintiffs any other relief this Court deems just.


Respectfully submitted,


Yael Zakai
D.C. Bar No. 483289
*Pro Bono* Counsel for Ms. Davis
The Children's Law Center
616 H St., NW, Suite 300
Washington, D.C. 20001
202-467-4900 x513
Fax: 202-467-4949
yzakai@childrenslawcenter.org


Laura N. Rinaldi
D.C. Bar No. 480096
*Pro Bono* Counsel for Ms. Davis
The Children's Law Center
616 H St.,NW, Suite 300
Washington, DC 20001
202-467-4900, ext. 518
Fax: 202-467-4949
lrinaldi@childrenslawcenter.org

## Certification Pursuant to LCvR 83.2(g) and LCvR 83.2(j)

I, Yael Zakai, undersigned counsel, hereby certify that I am providing legal representation without compensation for Plaintiff, Sherina Davis, in this matter, and that I am a member in good standing of the District of Columbia Bar. Furthermore, I hereby certify that I have personal familiarity with the Local Rules for United States District Court for the District of Columbia.

I certify under penalty of perjury that the foregoing is true and correct. Executed on May 4, 2007.

Yael Zakai
D.C. Bar No. 492389
*Pro Bono* Counsel for Ms. Davis
The Children's Law Center
616 H St.,NW, Suite 300
Washington, DC 20001
202-467-4900, ext. 513
Fax: 202-467-4949
yzakai@childrenslawcenter.org

Certification Pursuant to LCvR 83.2(g) and LCvR 83.2(j)

I, Laura Rinaldi, undersigned counsel, hereby certify that I am providing legal representation without compensation for Plaintiff, Sherina Davis, in this matter, and that I am a member in good standing of the District of Columbia Bar. Furthermore, I hereby certify that I have personal familiarity with the Local Rules for United States District Court for the District of Columbia.

I certify under penalty of perjury that the foregoing is true and correct. Executed on May 4, 2007.

Laura N. Rinaldi
D.C. Bar No. 480096
*Pro Bono* Counsel for Ms. Davis
The Children's Law Center
616 H St.,NW, Suite 300
Washington, DC 20001
202-467-4900, ext. 518
Fax: 202-467-4949
lrinaldi@childrenslawcenter.org

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# Due Process Complaint Notice

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

**A.    INFORMATION ABOUT THE STUDENT:**

Student Name: ___K___ B___

Address: __9 Temple Ct., NW__                    Birth Date: ___/00

__Washington, DC 20001__

Home School: __Walker Jones EC__

Present School of Attendance: __Walker Jones EC__

Is this a charter school? __No__          (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: ____Sharena Davis__

Address (if different from the student's above): _____

Phone/Contact Number: __202-789-4016__          Fax Number (if applicable): _____

1

**B.** **Individual Making the Complaint/Request for Due Process Hearing:**

Name: _____ Sharena Davis _____

Complete Address: _9 Temple Ct., NW_____

_____ Washington, DC 20001_____

Phone: (h) _202-789-4016_ (w) _____ (Fax) _____ (e-mail) _____

Relationship to the Student:

√ Parent        ☐ Legal Guardian        ☐ Parent Surrogate

☐ Self/Student   ☐ Local Education Agency (LEA)        ☐ Parent Advocate

**C.** **Legal Representative/Attorney (if applicable):**

Name: __Yael Zakai_____

Address: _The Children's Law Center_____

_____ 901 15th St., NW, Suite 500, Washington, DC 20005_____

Phone: (w) _202-467-4900 x513_ (Fax) _202-467-4949_ (e-mail) _yzakai@childrenslawcenter.org_

Will attorney / legal representative attend the resolution session?   √ Yes  ☐ No

**D.** **Complaint Made Against (check all that apply):**

√ DCPS school (name of the school if different from page one)_Walker Jones EC_____

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

**E.** **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint: I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

☐ I wish to waive the Resolution Session Meeting

**F.** **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

☐ I am requesting mediation as an alternative to the resolution session meeting.

√ I am requesting mediation and a due process hearing.

☐ I am requesting mediation **only** at this time.

**G.** **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions. Provide complete details about all the facts supporting your claims. (You may attach additional pages if needed):

1. What is the nature of the problem, including the facts relating to the problem, that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

The relevant facts include, but are not limited to the following:

K█ B████ is a six year old boy with a severe emotional disturbance. K███ is currently a danger to himself and others at school. K███ exhibits self-injurious behavior, including hitting his head on his chair at school. K███ is verbally and physically aggressive, has great difficulty calming down after an altercation, is often removed from class by security and sent to the office, and he is often unable to remain in the classroom and therefore leaves at will without permission. K███ has no real friends, as he struggles greatly with interpersonal relationships and his behavior results in him being avoided or rejected by his peers. In fact, K███ separates himself from his peers in the classroom. Moreover, K███ is not achieving on grade level. K███ cannot complete written work and has not yet developed reading skills. Although math is his strength, K███ is not achieving in this area either. K███ may also have a learning disability, a speech/language impairment, and/or occupational therapy needs, but this is unknown at this time because DCPS has failed to timely complete all necessary evaluations.

K███ first struggled with his academic achievement as a student in Head Start at Walker Jones Educational Center. Despite his mother's concerns and his teacher's concerns about his academic abilities, K███ did not receive special education evaluations. Moreover, DCPS did not provide Ms. Davis with notice of her procedural rights, nor did DCPS provide her with any prior notice of its refusal to initiate the special education referral and evaluation process for K███.

As a kindergartener at Walker Jones EC, K███ academic struggles continued, and K███ also exhibited serious behavioral difficulties. K███ needed constant supervision with his classwork. K███ would not listen to directions, was aggressive with others, got into fights with other children, and he would not calm down when teachers attempted to re-direct him following his aggressive episodes and tantrums. Because K███ teacher was often unable to calm K███ down in the classroom and keep him on task, K███ teacher would regularly send him to other classrooms and to the office. Due to K███ behavioral difficulties and his academic deficits, he simply could not complete his classwork. Despite his serious academic and social-emotional difficulties and the concerns expressed by his teacher and his mother, K███ was not evaluated for special education. Moreover, DCPS failed again to provide Ms. Davis with notice of her procedural rights or to provide her with any prior notice of its refusal to initiate the special education referral and evaluation process for K███.

This school year, as a first grader at Walker Jones EC, K███ academic and social-emotional difficulties have intensified. Because he struggles so mightily with writing, K███ does not complete written work, and often refuses even to complete simple copying exercises that require him to write. When K███ writes, he reverses both letters and numbers. Moreover, although K███ is nearing the end of first grade, he is not yet reading. K███ has not been achieving on grade level in any of his academic subjects this year. It is clear that he simply has not been able to access his education. As his social-emotional difficulties have escalated, each day at school has been a tremendous struggle for K███, which makes it impossible for him to learn.

It wasn't until this school year and only after Ms. Davis' request for evaluations in October 2006 that K███ was finally evaluated for special education, and even then, DCPS failed to fully evaluate K███. K███ November 2006 psycho-educational evaluation did not fully assess K███ in all areas of suspected disability. The evaluation did not include a complete battery of achievement testing. In addition, despite concerns on the part of K███ teachers and Ms. Davis about K███ impulsiveness, difficulty completing assignments, poor organizational skills, and short attention span, no assessments were conducted to determine whether K███ also suffers from ADHD. Moreover, although Ms. Davis

3

and school staff had concerns about K⬤ great difficulties in writing and his aversion to writing, no occupational therapy evaluation had been completed. An MDT/IEP meeting convened for K⬤ on December 20, 2006, and the team determined that K⬤ qualifies for special education as a student with an Emotional Disturbance, and requires a full-time placement. However, because DCPS did not fully evaluate Keith, the team was unable to determine whether K⬤ also suffers from a learning disability and/or ADHD, and whether K⬤ requires occupational therapy services. Therefore, Ms. Davis requested that DCPS conduct further achievement assessments for K⬤, Conners' Rating Scales to determine whether K⬤ has ADHD, and an occupational therapy evaluation.

Following that meeting, DCPS conducted additional achievement assessments and Conners' Rating Scales for K⬤, but did not complete an occupational therapy evaluation. An MDT/IEP meeting convened on March 5, 2007 to develop an IEP for K⬤ based on the information that was available. The team agreed again that K⬤ suffers from an Emotional Disturbance, but the team determined that a learning disability still needed to be ruled out for K⬤ through an occupational therapy evaluation, a speech/language evaluation, and a hearing screening. The team developed an IEP that includes a full-time special education placement and two hours a week of therapeutic counseling services for K⬤. Despite the fact that there were still outstanding evaluations, the team developed K⬤s IEP based on the information available because it was clear that K⬤ urgently requires an immediate full-time special education therapeutic placement due to the severity of his social-emotional needs and his significant academic struggles. The team agreed that K⬤ IEP could be revised if necessary upon completion of the outstanding evaluations and that K⬤ was in immediate need of a fulltime placement.

One of the many reasons K⬤ urgently requires a new placement is because he is not safe at Walker Jones EC. For example, K⬤ was found by a neighbor in the middle of the school day off of school property at a neighborhood playground, where he was playing unattended with another young child. DCPS permitted K⬤ at only age six, to wander off of school grounds without any knowledge of his whereabouts. Even more alarming, K⬤ has returned home from school with a variety of injuries, including a gash on his head and a wound from being stabbed with a pencil, without explanation from school officials. Moreover, as aforementioned, K⬤ has engaged in self-injurious behavior such as hitting his head on a chair. K⬤ current placement at Walker Jones EC is inappropriate in part because it is a dangerous environment for him because the proper services and supports have not been put into place. Because it is unsafe for K⬤ to attend Walker Jones EC and it is clear that K⬤ requires supports and services not available at Walker Jones EC in order to be safe, Ms. Davis has had no choice but to keep K⬤ at home pending placement in an appropriate and safe school. Ms. Davis has requested that work be sent home or home instruction be provided for K⬤ in the interim until DCPS provides K⬤ with an appropriate school placement where he is not in danger.

Despite the urgent need for K⬤ to be in a new school placement, DCPS has failed to convene a placement meeting for K⬤. To date, almost a full month after the development of the IEP, K⬤ IEP continues to go unimplemented, and K⬤ continues to go without the appropriate special education supports and services that he urgently requires. Due to DCPS's inaction, K⬤ remains placed at Walker Jones EC, an inappropriate placement where K⬤ cannot be kept safe and where he cannot make academic progress. Moreover, the process through which DCPS is making a placement for Keith is in violation of the IDEIA because DCPS has indicated that it is making a unilateral placement decision for K⬤, and Ms. Davis is therefore being precluded from the placement decision-making process.

To date, more than five months after K⬤ was referred for special education services, DCPS has failed to provide an appropriate placement for K⬤ and failed to conduct a speech/language evaluation, occupational therapy evaluation, and hearing screening for K⬤, despite the necessity for these evaluations. Due to DCPS' failures, K⬤ is functioning below grade level, and his mother is fearful to send him to school because he is a danger to himself and others. K⬤ is in dire need of a

4

school placement where he can begin to achieve academically and where he can go each day without fear for his safety.

2. To the extent known to you at this time, how can this problem be resolved?

First, DCPS must immediately place K⬤ at The Children's Guild or another appropriate non-public, full-time therapeutic special education school that can address all of K⬤ special needs. Second, DCPS must provide payment for a speech/language evaluation, an occupational therapy evaluation, and a hearing screening, if still outstanding, to be conducted by professionals of Ms. Davis' choice. Lastly, DCPS must provide K⬤ with compensatory education for the amount of time for which he was denied a free and appropriate public education.

3. Issues presented:

The central issue to be addressed is DCPS's failure to provide K⬤ with a free and appropriate public education ("FAPE"). The particular issues are specifically, but not limited to: (1) DCPS's failure to timely identify, locate, and/or evaluate K⬤ as a child in need of special education; (2) DCPS's failure to timely and/or fully evaluate K⬤; (3) DCPS's failure to provide K⬤ parent with notice of the procedural safeguards required under law following parental referrals; (4) DCPS's failure to issue any prior written notices of the refusal to initiate the identification, evaluation, educational placement, and/or the provision of a free and appropriate public education for K⬤; (5) DCPS's failure to develop and/or timely develop appropriate IEP(s) for K⬤; (6) DCPS' failure to implement K⬤ March 5, 2007 IEP and (7) DCPS's failure to timely provide and/or provide appropriate educational placement(s) for K⬤

## H.   Estimated amount of time needed for the hearing

Eight hours

## I.   Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## J.   Waiver of Procedural Safeguards:

☐ I (parent/guardian) waive receiving a copy of the procedural safeguards at this time.

## K.   Requirement to Consider Compensatory Education:

If a hearing is held on a date that is past the date on which the Hearing Officer's Determination was required to be issued, Ms. Davis will invoke the rebuttable presumption of harm and compensatory education must be an issue considered by the Hearing Officer during the hearing.

## L.   Parent Signature and Affirmation:

I affirm that the information provided on this form is true and correct.

_Gail Rakai_      4/3/07
Signature of Parent or Guardian      Date

**M.**    **Signature of Attorney/ Legal Representative:**

_Gail Rakai_      4/3/07
Legal Representative / Advocate      Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

SEID DPCN Rev'd. 7/12/05



**EXHIBIT**

*Attachment B*

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 724-6556



# Fax

## Time Sensitive Materials Attached

**Prompt Attention: Attorney:Yael Zakai, Esq.**
**Parent: Shaona Davis**

Telephone Number: **(202) 467-4900**
Fax Number: **(202) 467-4949**

Pages: **3**
Date: **April 3, 2007**

---

**Please find attached a copy of a Scheduling Memorandum regarding:**

Student: K███ B██████
School:  **Walker Jones ES**

The Complaint Intake Unit is responsible for providing parties with
information notice that a Due Process Complaint has been filed with the
Student Hearing Office.  If you have questions about the attached Notice,
please contact the Complaint Intake Unit at (202) 724-6556.  Otherwise, if
you have questions about the content of the compliant you should contact
your legal counsel for further advice.

Thank You
Marica Brown

The document(s) accompanying this telecopy transmission contains confidential information that is legally
privileged.  The information is intended only for use of the individual or entity named Above, if you are not the
intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in
reliance of the contents of this copied information is Strictly prohibited.  If you receive this telecopy in error, please
immediately notify us by telephone For return of the original document to us.

# STATE EDUCATION AGENCY
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | | |
|---|---|---|
| In the Matter of: | ) | BEFORE A SPECIAL EDUCATION |
| | ) | |
| B████, K. | Petitioner ) | |
| | ) | HEARING OFFICER |
| Vs. | ) | |
| | ) | |
| **PUBLIC** | ) | |
| **Walker-Jones ES** | ) | |
| | ) | DISTRICT OF COLUMBIA |
| | | |
| Respondent | ) | PUBLIC SCHOOLS |

# <u>SCHEDULING MEMORANDUM</u>

1.  A due process complaint notice and request for due process hearing has been received by the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint</u>. The meeting shall include a representative of the Local Educational Agency who has decision-making authority. The Local Education Agency is responsible for scheduling the resolution meeting in consultation with the parent. **The Student Hearing Office does not schedule or participate in resolution meetings.**

2.  The complaint notice was filed on **April 3, 2007**

3.  The deadline for the resolution meeting is **April 18, 2007** unless the parent and Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

## <u>RESPONSE TO THE COMPLAINT</u>

A.  ***Prior Written Notice Not Issued by the Local Educational Agency***. If the Local Educational Agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, the Local Educational Agency shall, <u>within 10 days of receiving the complaint</u>, send to the parent a response that shall include:

    1.  An explanation why the Local Educational Agency proposed or refused to take action raised in the complaint;

    2.  A description of other options that the IEP Team considered and the reasons why those options were rejected;

    3.  A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and

Rev'd. 7/6/05

4.    A description of the factors that is relevant to the agency's proposal or refusal.

B.    Prior written notice, if not already provided to the parent, must be sent by the Local Educational Agency to the complaining party no later than **April 13, 2007**.

C.    ***Deficiency Notice***.  A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, <u>within 15 days of receiving the notice of the complaint</u>, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

D.    The deadline for filing a deficiency notice is **April 18, 2007**.

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence.  A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice.  The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law.  The school or the Local Education Agency responsible for scheduling the meeting will provide information about the time, date, and location of the resolution meeting.

Rev'd. 7/6/05

## STATE EDUCATION AGENCY
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | |
|---|---|
| **In the Matter of** | ) |
| | ) |
| K██ B██ | ) |
| Date of Birth ██/00, | ) |
| | ) |
|         Petitioner | ) |
| | ) |
|       v. | ) |
| | ) |
| The District of Columbia Public Schools, | ) |
| Walker Jones EC, | ) |
| | ) |
|         Respondent. | ) |

## <u>MOTION FOR EXPEDITED HEARING</u>

Pursuant to §1008 of the District of Columbia Public Schools' Student Hearing Office Standard Operating Procedures, Petitioner Sharena Davis, mother and next friend of minor child, K██ B██, through counsel respectfully moves this Hearing Officer for an expedited hearing. DCPS has failed to provide K██ with a safe and appropriate school placement where his IEP can be implemented. Specifically, because DCPS has failed to provide K██ with adequate supervision, the special education services and supports he requires, and an appropriate therapeutic placement, DCPS has jeopardized K██ safety and deprived him of any education whatsoever.

This Motion is based upon the attached memorandum of points and authorities and the record herein.

WHEREFORE, Petitioner requests that the Hearing Officer:

1. Grant Petitioner's Motion for an Expedited Due Process Hearing to resolve the Due Process Complaint filed by Petitioner on April 3, 2007.

2. Provide Petitioner with a due process hearing within twenty days following the hearing request.

3. Provide Petitioner with a determination within ten days after the hearing.

Respectfully Submitted,

Yael Zakai
DC Bar No. 482389
The Children's Law Center
901 15th St., NW, Suite 500
Washington, D.C. 20005
202-467-4900, ext. 513 (phone)
202-467-4949 (fax)

Counsel for Sharena Davis

STATE EDUCATION AGENCY
DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| K⬛ B⬛ | ) |
| Date of Birth ⬛/00, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) |
| | ) |
| The District of Columbia Public Schools, | ) |
| Walker Jones EC, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EXPEDITED HEARING

I.    **Summary of Argument**

   Petitioner, Sharena Davis, mother and next of friend of K⬛ B⬛ hereby moves this Hearing Officer for an expedited hearing pursuant to §1008 of the DCPS Student Hearing Office Standard Operating Procedures.

   K⬛ is a six year old student with a serious emotional disturbance. Because DCPS has not provided K⬛ with appropriate special education supports and services in a therapeutic school placement, K⬛ is a danger to himself and others at his current placement. Despite attempts by Ms. Davis to schedule an MDT placement meeting, DCPS has failed to convene a placement meeting or provide K⬛ with a placement. Therefore, K⬛s IEP has been wholly unimplemented for one month, and he continues to suffer irreparable harm. K⬛ immediately requires an appropriate school placement where his safety will not be compromised and where he can have an opportunity to learn. As such, an expedited hearing is necessary to provide resolution to this urgent situation.

II.    **Facts and Procedural History**

1

K███ is a first grade student at Walker Jones Educational Center. Over the course of this school year, K███ safety and welfare have been repeatedly placed in jeopardy. On or about November 1, 2006, K███ at the age of only six years old, was found by a neighbor in the middle of the school day off of school property at a neighborhood playground, along with another young child, without any adult supervision. The school permitted K███ to wander off of school grounds without any knowledge of K███ whereabouts at the time, and clearly failed to provide supervision for this small child with social-emotional impairments. Second, K███ has returned home over the course of this school year with a variety of injuries, including a gash on his head and a wound from being stabbed with a pencil, without any explanation from K███ school. Third, K███ engages in self-injurious behavior at the school, such as hitting his head on the chair. Despite this alarming behavior and the tragic consequences that K███ could have potentially faced on several occasions this school year, DCPS is not providing K███ with the therapeutic environment he requires. Ms. Davis is extremely fearful for her son's safety each school day.

Furthermore, K███ is struggling tremendously with his academics, and has not been achieving on grade level in any of his academic subjects this year. In part due to DCPS' failures to address K███ impaired social-emotional functioning, K███ is not available for learning and cannot access his education. DCPS has also failed to address K███ continuing academic deficits. K███ has struggled for several years with writing, and now simply does not complete written work, often refusing even to complete simple copying exercises that require him to write. Moreover, although K███ is nearing the end of first grade, the age at which children should at least have developed basic reading skills, K███ cannot and does not read. K███ also performs below grade level in math. Learning is simply impossible for K███ in the academic environment at Walker Jones EC; in order to be able to access his education, K███ requires a therapeutic environment with special education supports and services not available to him at Walker Jones EC.

Due in part to the serious concerns about K███ safety, his social-emotional struggles, and his achieving below grade level, an MDT/IEP team convened on December 20, 2006 and determined that K███ requires a full-time therapeutic special education placement. (See attached Multidisciplinary Team Eligibility Meeting Notes,

2

December 20, 2006 (inaccurately dated December 13, 2006), page 2). However, because DCPS had not fully and timely evaluated K███, an IEP was not developed for him at that time. On March 5, 2007, an MDT/IEP team finally developed an IEP for K███, requiring a full-time therapeutic special education school placement. It was agreed by the team that Walker Jones EC is not a full-time therapeutic special education school placement, and that the school cannot implement K███ IEP. Due to the serious concerns regarding K███ at Walker Jones EC, the team specifically stated in the IEP notes that K███ urgently requires immediate placement. (See attached Individualized Education Program and Multidisciplinary Team Notes, March 5, 2007). However, DCPS has failed to provide K███ with an appropriate placement and failed to even convene a placement meeting for K███.

More than three months have passed since the MDT/IEP team first determined that K███ requires a full-time special education placement. Moreover, one full month has passed since an IEP was developed for K███, but DCPS has failed to implement the IEP. Because it is unsafe for K███ to attend Walker Jones EC and it is clear that K███ requires supports and services not available at Walker Jones EC in order to be safe, Ms. Davis has had no choice but to keep K███ at home as she awaits a safe, appropriate placement for K███. Ms. Davis has requested that work be sent home or home instruction be provided for K███ in the interim until DCPS provides K███ with an appropriate school placement where he is not in danger. Because the only school placement available to K███ is both unsafe and inappropriate and K███ is therefore unable to attend school at this time, it is urgent that K███ is provided with speedy resolution to his situation.

III.        **Argument**

The DCPS Student Hearing Office Standard Operating Procedures ("SOP") provides for expedited hearings. (SOP §1008) The SOP specifically provides for expedited hearings to be held within 20 days of filing, with the first 10 days set aside for DCPS to hold a resolution session. The SOP also provides that a decision will be reached within 10 days after the hearing concludes.

3

Under a regular hearing schedule where a decision is reached 75 days after a due process complaint is filed, K⬤may be left without an appropriate placement and without implementation of his IEP until June 17, 2007, which is several days after the end of the school year. Under the regular hearing schedule, K⬤ will be left in a dangerous and inappropriate school placement without receiving any education for the entire remainder of this school year.

Although expedited hearings are required when the matter involves discipline or suspension, expedited hearings have also been used for other issues requiring an expedited timeframe. For example, an expedited due process hearing was provided in a case where the parent disputed a placement and DCPS' failure to provide home instruction. *See R.G. v. District of Columbia, 2004 U.S. Dist. LEXIS 29042 (D.D.C. 2004)*. A Pennsylvania hearing officer granted an expedited hearing timeline when a parent was contesting a school district's determination that a child had no further need for ESY due to his improvement in school. *See William D. v. Manheim Twp. Sch. Dist., 2005 U.S. Dist. LEXIS 21437 (D. Pa. 2005).* In another case, an expedited hearing was granted based simply on the allegation in a complaint of an inappropriate IEP. *See Lauren W. v. Bd. of Educ., 2002 U.S. Dist. LEXIS 18303 (D. Pa. 2002).* Nothing in the SOP or in special education law precludes the use of an expedited hearing schedule outside of disciplinary issues, and there are cases where an expedited hearing is necessary due to the urgency of the situation.

Waiting 75 days from the date of filing for a determination on placement would provide inadequate protection for K⬤ safety and for K⬤ rights, and would cause him to suffer irreparable harm. The failure to provide FAPE constitutes irreparable injury, and each day a child is denied a free appropriate education by such procedural dereliction of a school system he or she is harmed yet again. *Blackman v. D.C., 277 F.Supp 2d 71, 79 (D.D.C. 2003); see also Cox v. Brown, 498 F.Supp 823, 829 (D.D.C. 1980)* (finding in a case involving a preliminary injunction that the irreparable harm requirement satisfied by the failure to provide an appropriate education). It is clear that K⬤ is not being provided a FAPE because his IEP is simply not being implemented. Moreover, because of the grave danger to K⬤ safety, his mother is even too fearful to

send him to school. As such, DCPS is depriving K████ of any education whatsoever, causing him further irreparable harm.

Ms. Davis is likely to win on the merits of the case due to DCPS's denial of FAPE, and current failures to implement K████ IEP, convene a placement meeting, and provide an appropriate placement for K████. Therefore, without a speedy resolution through a due process hearing, Ms. Davis may be forced to seek a preliminary injunction to protect Keith's rights under the IDEIA.

Consequently, the expedited timeframe is necessary here to ensure that K████ receives a free and appropriate public education ("FAPE") where his safety won't be jeopardized and where he can have access to the education he is currently being denied.

## IV.    Conclusion

It is undisputed that K████ is currently in an inappropriate placement where his IEP cannot be implemented. More importantly, it is undisputed that in his current placement, K████ is unsafe. It is also undisputed by DCPS that K████ urgently and immediately requires a new placement. Nonetheless, DCPS has failed to provide Keith with a placement where his IEP can be implemented and where he will no longer be in danger. K████ requires an expedited hearing before a tragic situation results from K████s self-injurious behaviors, altercations with other students, or the inability of his current school to adequately supervise him and keep track of his whereabouts. Moreover, K████ requires an expedited hearing so that he does not lose one more day of learning. An expedited hearing timeline is necessary to prevent any further danger and to ensure that an education is provided for this six year old boy with very special needs.

Respectfully Submitted,

Yael Zakai
DC Bar No.482389
The Children's Law Center
901 15th St., NW, Suite 500
Washington, D.C.  20005

202-467-4900, ext. 513 (phone)
202-467-4949 (fax)

Counsel for Sharena Davis

## <u>Certificate of Service</u>

I hereby certify that on April 4, 2007, a copy of the foregoing Motion for Expedited Hearing and the accompanying Memorandum have been via facsimile to the following:

David Smith, Chief Hearing Officer
Student Hearing Office, DCPS
825 North Capital St., N.E.
8th Floor
Washington, D.C.  20002

Sheila Hall
Director
Student Hearing Office, DCPS
825 North Capital St., N.E.
8th Floor
Washington, D.C.  20002

Office of General Counsel, DCPS
825 North Capital St., N.E.
9th Floor
Washington, D.C.  20002

Yael Zakai

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capitol Street, 8ᵗʰ Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | | |
|---|---|---|
| In the Matter of: | ) | **IMPARTIAL DUE PROCESS** |
| | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| K████ B█████ ("Student") | ) | |
| Date of Birth: ████████, 2000 | ) | |
| Petitioner, | ) | |
| | ) | |
| District of Columbia Public Schools | ) | |
| ("DCPS") | ) | |
| | ) | |
| | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

## PETITIONER'S MOTION FOR AN EXPEDITED HEARING

Counsel for the Petitioner:

Yael Zakai, Esq.
901 15ᵗʰ Street, N.W.
Suite 500
Washington, D.C. 20005

Counsel for DCPS:

Office of General Counsel
District of Columbia Public Schools,
9ᵗʰ Floor
825 North Capitol Street, NW
Washington, DC 20002

## SUMMARY:

Petitioner filed a Due Process Complaint Notice on April 3, 2007 and subsequently filed a Motion for Expedited Hearing on April 4, 2007. In summary, the Motion contends that "DCPS failed to provide (the student) with a safe and appropriate school placement where his IEP can be implemented." However, neither the Complaint nor the Motion state facts as required by 20 U.S.C. §1415 (k)(4)(B), sufficient to warrant an expedited hearing.

**CONCLUSIONS OF LAW:**

Based on the Motion before this Hearing Officer, Petitioner's request for an expedited hearing does not satisfy the requirements for convening an Expedited Due Process Hearing in accordance with 20 U.S.C. §1415 (k)(4)(B) or Paragraph 1008 of the Student Hearing Office Operating Procedures.

**ORDER:**

Petitioner's request that the Hearing proceed as an expedited due process hearing is **DENIED.**

4-11-07
_____
Date

Issue Date: 4/12/07

_____
David R. Smith, Esq.
Impartial Special Education Hearing Officer

2

07-877
RWR

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Shurina Davis

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (NTP)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

## DEFENDANTS

District of Columbia, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-00877
Assigned To : Roberts, Richard W.
Assign. Date : 05/10/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZEN
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other) OR** ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

| ☐ **G. Habeas Corpus/ 2255** | ☐ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K. Labor/ERISA (non-employment)** | ☒ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ O    Check YES only if demanded in complaint    JURY DEMAND: ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY    (See instruction)

☐ YES  ☐ NO    If yes, please complete related case form.

DATE    SIGNATURE OF ATTORNEY OF RECORD
NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips or completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd