*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# Due Process Complaint Notice

- The form is used to give notice of a due process complaint to the District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. The Student Hearing Office does NOT schedule resolution meetings.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A. **INFORMATION ABOUT THE STUDENT:**

Student Name: __K___ B_____    

Address: _9 Temple Ct., NW_____ Birth Date: ___/00___

_Washington, DC 20001_____

Home School: _Walker Jones EC_____

Present School of Attendance: ___Walker Jones EC_____

Is this a charter school? _No_____ (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: ___Sharena Davis_____

Address (if different from the student's above): _____

Phone/Contact Number: _202-789-4016_____ Fax Number (if applicable): _____

1

**B.** **Individual Making the Complaint/Request for Due Process Hearing:**

Name: _____ Sharena Davis _____

Complete Address: _9 Temple Ct., NW_____

_____ Washington, DC 20001 _____

Phone: (h) _202-789-4016_ (w) _____ (Fax) _____ (e-mail) _____

Relationship to the Student:

√ Parent      ☐ Legal Guardian      ☐ Parent Surrogate

☐ Self/Student   ☐ Local Education Agency (LEA)      ☐ Parent Advocate

**C.** **Legal Representative/Attorney (if applicable):**

Name: __Yael Zakai_____

Address: _The Children's Law Center_____

_____901 15th St., NW, Suite 500, Washington, DC 20005_____

Phone: (w) _202-467-4900 x513_ (Fax) _202-467-4949_ (e-mail) _yzakai@childrenslawcenter.org_

Will attorney / legal representative attend the resolution session?   √ Yes  ☐ No

**D.** **Complaint Made Against (check all that apply):**

√ DCPS school (name of the school if different from page one) _Walker Jones EC_____

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

**E.** **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint: I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

☐ I wish to waive the Resolution Session Meeting

**F.** **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

☐ I am requesting mediation as an alternative to the resolution session meeting.

√ I am requesting mediation and a due process hearing.

☐ I am requesting mediation **only** at this time.

**G.** **Facts and Reasons for the Complaint:**

2

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions. Provide complete details about all the facts supporting your claims. (You may attach additional pages if needed):

1. What is the nature of the problem, including the facts relating to the problem, that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

The relevant facts include, but are not limited to the following:

K⬛ B⬛ is a six year old boy with a severe emotional disturbance. K⬛ is currently a danger to himself and others at school. K⬛ exhibits self-injurious behavior, including hitting his head on his chair at school. K⬛ is verbally and physically aggressive, has great difficulty calming down after an altercation, is often removed from class by security and sent to the office, and he is often unable to remain in the classroom and therefore leaves at will without permission. K⬛ has no real friends, as he struggles greatly with interpersonal relationships and his behavior results in him being avoided or rejected by his peers. In fact, K⬛ separates himself from his peers in the classroom. Moreover, K⬛ is not achieving on grade level. K⬛ cannot complete written work and has not yet developed reading skills. Although math is his strength, K⬛ is not achieving in this area either. K⬛ may also have a learning disability, a speech/language impairment, and/or occupational therapy needs, but this is unknown at this time because DCPS has failed to timely complete all necessary evaluations.

K⬛ first struggled with his academic achievement as a student in Head Start at Walker Jones Educational Center. Despite his mother's concerns and his teacher's concerns about his academic abilities, K⬛ did not receive special education evaluations. Moreover, DCPS did not provide Ms. Davis with notice of her procedural rights, nor did DCPS provide her with any prior notice of its refusal to initiate the special education referral and evaluation process for K⬛.

As a kindergartener at Walker Jones EC, K⬛ academic struggles continued, and K⬛ also exhibited serious behavioral difficulties. K⬛ needed constant supervision with his classwork. K⬛ would not listen to directions, was aggressive with others, got into fights with other children, and he would not calm down when teachers attempted to re-direct him following his aggressive episodes and tantrums. Because K⬛ teacher was often unable to calm K⬛ down in the classroom and keep him on task, K⬛ teacher would regularly send him to other classrooms and to the office. Due to K⬛ behavioral difficulties and his academic deficits, he simply could not complete his classwork. Despite his serious academic and social-emotional difficulties and the concerns expressed by his teacher and his mother, K⬛ was not evaluated for special education. Moreover, DCPS failed again to provide Ms. Davis with notice of her procedural rights or to provide her with any prior notice of its refusal to initiate the special education referral and evaluation process for K⬛

This school year, as a first grader at Walker Jones EC, K⬛ academic and social-emotional difficulties have intensified. Because he struggles so mightily with writing, K⬛ does not complete written work, and often refuses even to complete simple copying exercises that require him to write. When K⬛ writes, he reverses both letters and numbers. Moreover, although K⬛ is nearing the end of first grade, he is not yet reading. K⬛ has not been achieving on grade level in any of his academic subjects this year. It is clear that he simply has not been able to access his education. As his social-emotional difficulties have escalated, each day at school has been a tremendous struggle for K⬛, which makes it impossible for him to learn.

It wasn't until this school year and only after Ms. Davis' request for evaluations in October 2006 that K⬛ was finally evaluated for special education, and even then, DCPS failed to fully evaluate K⬛. K⬛ November 2006 psycho-educational evaluation did not fully assess K⬛ in all areas of suspected disability. The evaluation did not include a complete battery of achievement testing. In addition, despite concerns on the part of K⬛ teachers and Ms. Davis about K⬛ impulsiveness, difficulty completing assignments, poor organizational skills, and short attention span, no assessments were conducted to determine whether K⬛ also suffers from ADHD. Moreover, although Ms. Davis

3

and school staff had concerns about K████s great difficulties in writing and his aversion to writing, no occupational therapy evaluation had been completed. An MDT/IEP meeting convened for K████ on December 20, 2006, and the team determined that K████ qualifies for special education as a student with an Emotional Disturbance, and requires a full-time placement. However, because DCPS did not fully evaluate Keith, the team was unable to determine whether K████ also suffers from a learning disability and/or ADHD, and whether K████ requires occupational therapy services. Therefore, Ms. Davis requested that DCPS conduct further achievement assessments for K████, Conners' Rating Scales to determine whether K████ has ADHD, and an occupational therapy evaluation.

     Following that meeting, DCPS conducted additional achievement assessments and Conners' Rating Scales for K████, but did not complete an occupational therapy evaluation. An MDT/IEP meeting convened on March 5, 2007 to develop an IEP for K████ based on the information that was available. The team agreed again that K████ suffers from an Emotional Disturbance, but the team determined that a learning disability still needed to be ruled out for K████ through an occupational therapy evaluation, a speech/language evaluation, and a hearing screening. The team developed an IEP that includes a full-time special education placement and two hours a week of therapeutic counseling services for K████. Despite the fact that there were still outstanding evaluations, the team developed K████s IEP based on the information available because it was clear that K████ urgently requires an immediate full-time special education therapeutic placement due to the severity of his social-emotional needs and his significant academic struggles. The team agreed that K████s IEP could be revised if necessary upon completion of the outstanding evaluations and that K████ was in immediate need of a fulltime placement.

     One of the many reasons K████ urgently requires a new placement is because he is not safe at Walker Jones EC. For example, K████ was found by a neighbor in the middle of the school day off of school property at a neighborhood playground, where he was playing unattended with another young child. DCPS permitted K████ at only age six, to wander off of school grounds without any knowledge of his whereabouts. Even more alarming, K████ has returned home from school with a variety of injuries, including a gash on his head and a wound from being stabbed with a pencil, without explanation from school officials. Moreover, as aforementioned, K████ has engaged in self-injurious behavior such as hitting his head on a chair. K████ current placement at Walker Jones EC is inappropriate in part because it is a dangerous environment for him because the proper services and supports have not been put into place. Because it is unsafe for K████ to attend Walker Jones EC and it is clear that K████ requires supports and services not available at Walker Jones EC in order to be safe, Ms. Davis has had no choice but to keep K████ at home pending placement in an appropriate and safe school. Ms. Davis has requested that work be sent home or home instruction be provided for K████ in the interim until DCPS provides K████ with an appropriate school placement where he is not in danger.

     Despite the urgent need for K████ to be in a new school placement, DCPS has failed to convene a placement meeting for K████. To date, almost a full month after the development of the IEP, K████ IEP continues to go unimplemented, and K████ continues to go without the appropriate special education supports and services that he urgently requires. Due to DCPS's inaction, K████ remains placed at Walker Jones EC, an inappropriate placement where K████ cannot be kept safe and where he cannot make academic progress. Moreover, the process through which DCPS is making a placement for Keith is in violation of the IDEIA because DCPS has indicated that it is making a unilateral placement decision for K████, and Ms. Davis is therefore being precluded from the placement decision-making process.

     To date, more than five months after K████ was referred for special education services, DCPS has failed to provide an appropriate placement for K████ and failed to conduct a speech/language evaluation, occupational therapy evaluation, and hearing screening for K████, despite the necessity for these evaluations. Due to DCPS' failures, K████ is functioning below grade level, and his mother is fearful to send him to school because he is a danger to himself and others. K████ is in dire need of a

4

school placement where he can begin to achieve academically and where he can go each day without fear for his safety.

2. To the extent known to you at this time, how can this problem be resolved?

First, DCPS must immediately place K▓ at The Children's Guild or another appropriate non-public, full-time therapeutic special education school that can address all of K▓ special needs. Second, DCPS must provide payment for a speech/language evaluation, an occupational therapy evaluation, and a hearing screening, if still outstanding, to be conducted by professionals of Ms. Davis' choice. Lastly, DCPS must provide K▓ with compensatory education for the amount of time for which he was denied a free and appropriate public education.

3. Issues presented:

The central issue to be addressed is DCPS's failure to provide K▓ with a free and appropriate public education ("FAPE"). The particular issues are specifically, but not limited to: (1) DCPS's failure to timely identify, locate, and/or evaluate K▓ as a child in need of special education; (2) DCPS's failure to timely and/or fully evaluate K▓; (3) DCPS's failure to provide K▓ parent with notice of the procedural safeguards required under law following parental referrals; (4) DCPS's failure to issue any prior written notices of the refusal to initiate the identification, evaluation, educational placement, and/or the provision of a free and appropriate public education for K▓; (5) DCPS's failure to develop and/or timely develop appropriate IEP(s) for K▓; (6) DCPS' failure to implement K▓ March 5, 2007 IEP and (7) DCPS's failure to timely provide and/or provide appropriate educational placement(s) for K▓

**H.    Estimated amount of time needed for the hearing**

Eight hours

**I.    Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.
- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

**J.    Waiver of Procedural Safeguards:**

☐ I (parent/guardian) waive receiving a copy of the procedural safeguards at this time.

**K.    Requirement to Consider Compensatory Education:**

If a hearing is held on a date that is past the date on which the Hearing Officer's Determination was required to be issued, Ms. Davis will invoke the rebuttable presumption of harm and compensatory education must be an issue considered by the Hearing Officer during the hearing.

**L.    Parent Signature and Affirmation:**

I affirm that the information provided on this form is true and correct.

5

_____        4/3/07
Signature of Parent or Guardian        Date

**M.**   **Signature of Attorney/ Legal Representative:**

_____        4/3/07
Legal Representative / Advocate        Date

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

SEID DPCN Rev'd. 7/12/05

CENTRAL INTAKE UNIT

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 724-6556



# Fax

**Time Sensitive Materials Attached**

Prompt Attention: Attorney: Yael Zakai, Esq.
               Parent: Shaona Davis

Telephone Number: **(202) 467-4900**           Pages: 3
Fax Number: **(202) 467-4949**                  Date: April 3, 2007

---

Please find attached a copy of a Scheduling Memorandum regarding:

Student: K___ B___
School: **Walker Jones ES**

The Complaint Intake Unit is responsible for providing parties with information notice that a Due Process Complaint has been filed with the Student Hearing Office. If you have questions about the attached Notice, please contact the Complaint Intake Unit at (202) 724-6556. Otherwise, if you have questions about the content of the compliant you should contact your legal counsel for further advice.

Thank You
Marica Brown

The document(s) accompanying this telecopy transmission contains confidential information that is legally privileged. The information is intended only for use of the individual or entity named Above, if you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited. If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

# STATE EDUCATION AGENCY
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | | | |
|---|---|---|---|
| In the Matter of: | ) | BEFORE A SPECIAL EDUCATION | |
| | ) | | |
| B██, K.  Petitioner | ) | | |
| | ) | HEARING OFFICER | |
| Vs. | ) | | |
| | ) | | |
| PUBLIC | ) | | |
| Walker-Jones ES | ) | | |
| | ) | DISTRICT OF COLUMBIA | |
| Respondent | ) | PUBLIC SCHOOLS | |

## SCHEDULING MEMORANDUM

1. A due process complaint notice and request for due process hearing has been received by the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint</u>. The meeting shall include a representative of the Local Educational Agency who has decision-making authority. The Local Education Agency is responsible for scheduling the resolution meeting in consultation with the parent. <u>The Student Hearing Office does not schedule or participate in resolution meetings</u>.

2. The complaint notice was filed on **April 3, 2007**

3. The deadline for the resolution meeting is **April 18, 2007** unless the parent and Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

### RESPONSE TO THE COMPLAINT

A. *Prior Written Notice Not Issued by the Local Educational Agency*. If the Local Educational Agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, the Local Educational Agency shall, <u>within 10 days of receiving the complaint</u>, send to the parent a response that shall include:

   1. An explanation why the Local Educational Agency proposed or refused to take action raised in the complaint;
   2. A description of other options that the IEP Team considered and the reasons why those options were rejected;
   3. A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and

Rev'd. 7/6/05

4. A description of the factors that is relevant to the agency's proposal or refusal.

B. Prior written notice, if not already provided to the parent, must be sent by the Local Educational Agency to the complaining party no later than **April 13, 2007**.

C. **_Deficiency Notice_**. A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, <u>within 15 days of receiving the notice of the complaint</u>, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

D. The deadline for filing a deficiency notice is **April 18, 2007**.

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence. A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice. The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law. The school or the Local Education Agency responsible for scheduling the meeting will provide information about the time, date, and location of the resolution meeting.

Rev'd. 7/6/05

STATE EDUCATION AGENCY
DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | |
|---|---|
| **In the Matter of** | ) |
| | ) |
| K⬛ B⬛ | ) |
| Date of Birth ⬛/00, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) |
| | ) |
| The District of Columbia Public Schools, | ) |
| Walker Jones EC, | ) |
| | ) |
| Respondent. | ) |

## MOTION FOR EXPEDITED HEARING

Pursuant to §1008 of the District of Columbia Public Schools' Student Hearing Office Standard Operating Procedures, Petitioner Sharena Davis, mother and next friend of minor child, K⬛ B⬛, through counsel respectfully moves this Hearing Officer for an expedited hearing. DCPS has failed to provide K⬛ with a safe and appropriate school placement where his IEP can be implemented. Specifically, because DCPS has failed to provide K⬛ with adequate supervision, the special education services and supports he requires, and an appropriate therapeutic placement, DCPS has jeopardized K⬛ safety and deprived him of any education whatsoever.

This Motion is based upon the attached memorandum of points and authorities and the record herein.

WHEREFORE, Petitioner requests that the Hearing Officer:

1. Grant Petitioner's Motion for an Expedited Due Process Hearing to resolve the Due Process Complaint filed by Petitioner on April 3, 2007.

2. Provide Petitioner with a due process hearing within twenty days following the hearing request.

3. Provide Petitioner with a determination within ten days after the hearing.

Respectfully Submitted,

_____
Yael Zakai
DC Bar No. 482389
The Children's Law Center
901 15th St., NW, Suite 500
Washington, D.C. 20005
202-467-4900, ext. 513 (phone)
202-467-4949 (fax)

Counsel for Sharena Davis

STATE EDUCATION AGENCY
DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | |
|---|---|
| **In the Matter of** | ) |
| | ) |
| K⬛ B⬛ | ) |
| Date of Birth ⬛/00, | ) |
| | ) |
|        Petitioner | ) |
| | ) |
|    v. | ) |
| | ) |
| The District of Columbia Public Schools, | ) |
| Walker Jones EC, | ) |
| | ) |
|        Respondent. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EXPEDITED HEARING

### I.  Summary of Argument

Petitioner, Sharena Davis, mother and next of friend of K⬛ B⬛, hereby moves this Hearing Officer for an expedited hearing pursuant to §1008 of the DCPS Student Hearing Office Standard Operating Procedures.

K⬛ is a six year old student with a serious emotional disturbance. Because DCPS has not provided K⬛ with appropriate special education supports and services in a therapeutic school placement, K⬛ is a danger to himself and others at his current placement. Despite attempts by Ms. Davis to schedule an MDT placement meeting, DCPS has failed to convene a placement meeting or provide K⬛ with a placement. Therefore, K⬛'s IEP has been wholly unimplemented for one month, and he continues to suffer irreparable harm. K⬛ immediately requires an appropriate school placement where his safety will not be compromised and where he can have an opportunity to learn. As such, an expedited hearing is necessary to provide resolution to this urgent situation.

### II.  Facts and Procedural History

1

K█ is a first grade student at Walker Jones Educational Center. Over the course of this school year, K█ safety and welfare have been repeatedly placed in jeopardy. On or about November 1, 2006, K█, at the age of only six years old, was found by a neighbor in the middle of the school day off of school property at a neighborhood playground, along with another young child, without any adult supervision. The school permitted K█ to wander off of school grounds without any knowledge of K█ whereabouts at the time, and clearly failed to provide supervision for this small child with social-emotional impairments. Second, K█ has returned home over the course of this school year with a variety of injuries, including a gash on his head and a wound from being stabbed with a pencil, without any explanation from K█ school. Third, K█ engages in self-injurious behavior at the school, such as hitting his head on the chair. Despite this alarming behavior and the tragic consequences that K█ could have potentially faced on several occasions this school year, DCPS is not providing K█ with the therapeutic environment he requires. Ms. Davis is extremely fearful for her son's safety each school day.

Furthermore, K█ is struggling tremendously with his academics, and has not been achieving on grade level in any of his academic subjects this year. In part due to DCPS' failures to address K█ impaired social-emotional functioning, K█ is not available for learning and cannot access his education. DCPS has also failed to address K█ continuing academic deficits. K█ has struggled for several years with writing, and now simply does not complete written work, often refusing even to complete simple copying exercises that require him to write. Moreover, although K█ is nearing the end of first grade, the age at which children should at least have developed basic reading skills, K█ cannot and does not read. K█ also performs below grade level in math. Learning is simply impossible for K█ in the academic environment at Walker Jones EC; in order to be able to access his education, K█ requires a therapeutic environment with special education supports and services not available to him at Walker Jones EC.

Due in part to the serious concerns about K█ safety, his social-emotional struggles, and his achieving below grade level, an MDT/IEP team convened on December 20, 2006 and determined that K█ requires a full-time therapeutic special education placement. (See attached Multidisciplinary Team Eligibility Meeting Notes,

2

December 20, 2006 (inaccurately dated December 13, 2006), page 2). However, because DCPS had not fully and timely evaluated K●, an IEP was not developed for him at that time. On March 5, 2007, an MDT/IEP team finally developed an IEP for K●, requiring a full-time therapeutic special education school placement. It was agreed by the team that Walker Jones EC is not a full-time therapeutic special education school placement, and that the school cannot implement K● IEP. Due to the serious concerns regarding K● at Walker Jones EC, the team specifically stated in the IEP notes that K● urgently requires immediate placement. (See attached Individualized Education Program and Multidisciplinary Team Notes, March 5, 2007). However, DCPS has failed to provide K● with an appropriate placement and failed to even convene a placement meeting for K●.

More than three months have passed since the MDT/IEP team first determined that K● requires a full-time special education placement. Moreover, one full month has passed since an IEP was developed for K●, but DCPS has failed to implement the IEP. Because it is unsafe for K● to attend Walker Jones EC and it is clear that K● requires supports and services not available at Walker Jones EC in order to be safe, Ms. Davis has had no choice but to keep K● at home as she awaits a safe, appropriate placement for K●. Ms. Davis has requested that work be sent home or home instruction be provided for K● in the interim until DCPS provides K● with an appropriate school placement where he is not in danger. Because the only school placement available to K● is both unsafe and inappropriate and K● is therefore unable to attend school at this time, it is urgent that K● is provided with speedy resolution to his situation.

III.     **Argument**

The DCPS Student Hearing Office Standard Operating Procedures ("SOP") provides for expedited hearings. (SOP §1008) The SOP specifically provides for expedited hearings to be held within 20 days of filing, with the first 10 days set aside for DCPS to hold a resolution session. The SOP also provides that a decision will be reached within 10 days after the hearing concludes.

3

Under a regular hearing schedule where a decision is reached 75 days after a due process complaint is filed, K⬛ may be left without an appropriate placement and without implementation of his IEP until June 17, 2007, which is several days after the end of the school year. Under the regular hearing schedule, K⬛ will be left in a dangerous and inappropriate school placement without receiving any education for the entire remainder of this school year.

Although expedited hearings are required when the matter involves discipline or suspension, expedited hearings have also been used for other issues requiring an expedited timeframe. For example, an expedited due process hearing was provided in a case where the parent disputed a placement and DCPS' failure to provide home instruction. See *R.G. v. District of Columbia*, 2004 U.S. Dist. LEXIS 29042 (D.D.C. 2004). A Pennsylvania hearing officer granted an expedited hearing timeline when a parent was contesting a school district's determination that a child had no further need for ESY due to his improvement in school. See *William D. v. Manheim Twp. Sch. Dist.*, 2005 U.S. Dist. LEXIS 21437 (D. Pa. 2005). In another case, an expedited hearing was granted based simply on the allegation in a complaint of an inappropriate IEP. See *Lauren W. v. Bd. of Educ.*, 2002 U.S. Dist. LEXIS 18303 (D. Pa. 2002). Nothing in the SOP or in special education law precludes the use of an expedited hearing schedule outside of disciplinary issues, and there are cases where an expedited hearing is necessary due to the urgency of the situation.

Waiting 75 days from the date of filing for a determination on placement would provide inadequate protection for K⬛ safety and for K⬛ rights, and would cause him to suffer irreparable harm. The failure to provide FAPE constitutes irreparable injury, and each day a child is denied a free appropriate education by such procedural dereliction of a school system he or she is harmed yet again. *Blackman v. D.C.*, 277 F.Supp 2d 71, 79 (D.D.C. 2003); *see also Cox v. Brown*, 498 F.Supp 823, 829 (D.D.C. 1980) (finding in a case involving a preliminary injunction that the irreparable harm requirement satisfied by the failure to provide an appropriate education). It is clear that K⬛ is not being provided a FAPE because his IEP is simply not being implemented. Moreover, because of the grave danger to K⬛ safety, his mother is even too fearful to

4

send him to school. As such, DCPS is depriving K███ of any education whatsoever, causing him further irreparable harm.

Ms. Davis is likely to win on the merits of the case due to DCPS's denial of FAPE, and current failures to implement K███ IEP, convene a placement meeting, and provide an appropriate placement for K███. Therefore, without a speedy resolution through a due process hearing, Ms. Davis may be forced to seek a preliminary injunction to protect Keith's rights under the IDEIA.

Consequently, the expedited timeframe is necessary here to ensure that K███ receives a free and appropriate public education ("FAPE") where his safety won't be jeopardized and where he can have access to the education he is currently being denied.

## IV.   Conclusion

It is undisputed that K███ is currently in an inappropriate placement where his IEP cannot be implemented. More importantly, it is undisputed that in his current placement, K███ is unsafe. It is also undisputed by DCPS that K███ urgently and immediately requires a new placement. Nonetheless, DCPS has failed to provide Keith with a placement where his IEP can be implemented and where he will no longer be in danger. K███ requires an expedited hearing before a tragic situation results from K███'s self-injurious behaviors, altercations with other students, or the inability of his current school to adequately supervise him and keep track of his whereabouts. Moreover, K███ requires an expedited hearing so that he does not lose one more day of learning. An expedited hearing timeline is necessary to prevent any further danger and to ensure that an education is provided for this six year old boy with very special needs.

Respectfully Submitted,

_Yael Zakai_
Yael Zakai
DC Bar No. 482389
The Children's Law Center
901 15th St., NW, Suite 500
Washington, D.C.  20005

5

202-467-4900, ext. 513 (phone)
202-467-4949 (fax)

Counsel for Sharena Davis

## Certificate of Service

I hereby certify that on April 4, 2007, a copy of the foregoing Motion for Expedited Hearing and the accompanying Memorandum have been via facsimile to the following:

David Smith, Chief Hearing Officer
Student Hearing Office, DCPS
825 North Capital St., N.E.
8th Floor
Washington, D.C. 20002

Sheila Hall
Director
Student Hearing Office, DCPS
825 North Capital St., N.E.
8th Floor
Washington, D.C. 20002

Office of General Counsel, DCPS
825 North Capital St., N.E.
9th Floor
Washington, D.C. 20002

_____
Yael Zakai



# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capitol Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | | |
|---|---|---|
| In the Matter of: | ) | **IMPARTIAL DUE PROCESS** |
| | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| K█ B█████ ("Student") | ) | |
| Date of Birth: █████, 2000 | ) | |
| Petitioner, | ) | |
| | ) | |
| District of Columbia Public Schools | ) | |
| ("DCPS") | ) | |
| | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

### PETITIONER'S MOTION FOR AN EXPEDITED HEARING

Counsel for the Petitioner:     Yael Zakai, Esq.
901 15th Street, N.W.
Suite 500
Washington, D.C. 20005

Counsel for DCPS:     Office of General Counsel
District of Columbia Public Schools,
9th Floor
825 North Capitol Street, NW
Washington, DC 20002

**SUMMARY:**

Petitioner filed a Due Process Complaint Notice on April 3, 2007 and subsequently filed a Motion for Expedited Hearing on April 4, 2007. In summary, the Motion contends that "DCPS failed to provide (the student) with a safe and appropriate school placement where his IEP can be implemented." However, neither the Complaint nor the Motion state facts as required by 20 U.S.C. §1415 (k)(4)(B), sufficient to warrant an expedited hearing.

1

**CONCLUSIONS OF LAW:**

Based on the Motion before this Hearing Officer, Petitioner's request for an expedited hearing does not satisfy the requirements for convening an Expedited Due Process Hearing in accordance with 20 U.S.C. §1415 (k)(4)(B) or Paragraph 1008 of the Student Hearing Office Operating Procedures.

**ORDER:**

Petitioner's request that the Hearing proceed as an expedited due process hearing is **DENIED**.

4-11-07
Date

Issue Date: 4/12/07

David R. Smith, Esq.
Impartial Special Education Hearing Officer

2